Argued March 26, reversed and remanded June 4, rehearing denied July 9, 1929.

## WESTERN BOND & MORTGAGE COMPANY *v.* DENNIS LAWTON ET AL.

(277 Pac. 826.)

For appellant there was a brief over the names of *Mr. C. F. Stone* and *Mr. James B. Bacon,* with an oral argument by *Mr. John F. Reilly.*

For respondents there was a brief over the name of *Messrs. Napier & Ballentine,* with an oral argument by *Mr. J. H. Napier.*

BELT, J.—This is a suit to set aside two certain deeds which, it is alleged, were executed to defraud the plaintiff, a judgment creditor. In May, 1921, Dennis Lawton and his brother Guy were engaged in Klamath County, Oregon, in the business of buying and selling cattle. They borrowed from plaintiff $12,800. Evidencing this debt were several promissory notes secured by a chattel mortgage on a band of cattle. The notes were due November 19, 1921. The Lawton brothers defaulted in payment and the plaintiff mortgagee, under the terms of the mortgage, took possession of the cattle and, in February, 1922, sold them at private sale to satisfy the indebtedness. The proceeds of the sale were insufficient to pay amount due on three of the notes aggregating $5,300. Judgment was obtained in an action at law to recover the amount of this deficiency.

At this juncture we review briefly the history of the title to the 200 acres of land in question, located in Klamath County, in which the defendant, Dennis Lawton, is alleged to have an estate by the entirety. It is conceded that this land was purchased in 1913 by Gertrude Lawton, then Gertrude Pittman, and her sister Bertha Pittman, each having an undivided one-half interest therein. On July 23, 1918, Bertha Pittman conveyed her interest to Dennis Lawton and his wife Gertrude, who married in 1914. The $5,000 with which to purchase Bertha's interest was obtained by loan from the Federal Land Bank of Spokane. Dennis Lawton and his wife joined in the execution of the mortgage to the bank. When the loan of

$12,800 from plaintiff was obtained in 1921, Dennis Lawton, in a financial statement, asserted that he and his wife had title to the 200 acres of land in controversy. Mr. Farrington, president of the plaintiff corporation, testified that he relied upon this statement and that the loan would not have been made had it not been believed that Dennis Lawton and his wife had title to the land. On November 9, 1921, a few days before the notes to plaintiff became due, Lawton and his wife, for a nominal consideration of $10, conveyed the land to Gertrude's sister, Bertha E. Pittman. On November 14, 1921, the sister, who was in California, for the same consideration reconveyed this property to Gertrude Lawton. It will be observed that in this exchange of deeds the interest which Gertrude's husband had in the land, as an estate by the entirety, was eliminated. Gertrude Lawton testified that she purchased her sister's share in the land for $5,000 and that her husband had no interest whatsoever in it. She gives as the reason that the title was taken in both their names that the loan from the Federal Land Bank could be obtained only "if my husband appeared with me on the deeds or the mortgage." Gertrude further testified in substance that, after the estate by the entirety was created by the deed from her sister in 1918, she learned that, if her husband died before her, his interest in the property would descend to his parents and that the conveyances in 1921 whereby her husband's interests were eliminated were made to avoid this possibility. She says that it was only a coincidence that the deeds were made about ten days before the notes and mortgage were due. It is established with certainty that Gertrude knew of the indebtedness of her husband to the plaintiff when the conveyances in 1921 were made,

as she admits having signed her husband's name to the promissory notes.

■■ Plaintiff established a *prima facie* case by proving an existing indebtedness at the time Dennis Lawton, the judgment debtor, undertook to convey his interest in the land to his wife. Under the authorities of this state it was then incumbent upon her to show that there was a valuable consideration for Lawton's deed and that she acted in good faith and without intent to hinder, delay or defraud her husband's creditors: *Van Riper* v. *Davenport*, 121 Or. 474 (245 Pac. 316, 256 Pac. 193), and cases therein cited. We think Gertrude was thoroughly advised as to her husband's business transactions. She kept the bank account in her name and all checks obtained by him were indorsed to her. Her explanation as to why title was placed in her husband's name in 1918 when the $5,000 loan was obtained and the reason for the exchange of deeds in 1921, at the time when her husband admitted that he was unable to meet his obligations, are not convincing. The record has been carefully considered and, without reviewing the evidence in detail, we have reached the conclusion that there was no consideration for the deed whereby Dennis Lawton undertook to convey his interest to his wife and that she acted with him in an effort to defraud the plaintiff creditor.

It is unnecessary to consider the question as to whether Gertrude Lawton should be estopped to assert that her husband did not have an estate by the entirety in the land, in view of the fact that she knowingly permitted her sister to invest him with title in 1918.

The decree of the lower court dismissing this suit is reversed and the cause is remanded with directions to enter a decree setting aside, as void and fraudulent, the two deeds above mentioned, executed on November 9th, 1921, and November 14th, 1921.

REVERSED.  REHEARING DENIED.

COSHOW, C. J., and BEAN, J., concur.

BROWN, J., absent.